**16SL-CC01293**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

IN THE CIRCUIT COURT
ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **RON BLAKE AND BOBBYE BLAKE** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division |
| **BESSINE WALTERBACH, LLP,** ) | |
| ) | |
| Serve at: ) | |
| Walterbach, Scott or Registered Agent ) | |
| 3000 NE Brooktree Lane, Suite 100 ) | |
| Kansas City, Missouri 64119 ) | |
| ) | |
| **CONSUMER COLLECTION** ) | |
| **MANAGEMENT, INC.,** ) | |
| ) | |
| Serve at: ) | |
| Registered Agent Anthony J. Soukenik ) | |
| 2128 Lehne Court ) | |
| Florissant, Missouri 63031 ) | |
| ) | |
| **ST. LOUIS UNIVERSITY D/B/A** ) | |
| **SLUCARE,** ) | |
| ) | |
| Serve at: ) | |
| William R. Kaufman or Registered Agent ) | |
| 221 North Grand Blvd. ) | |
| St. Louis, Missouri 63103 ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

**CLASS ACTION PETITION**

COME NOW, Plaintiffs, Ron Blake and Bobbye Blake, and for their Class Action

Complaint state as follows:

1

**Exhibit A**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

**INTRODUCTION**

1.      This is an action for statutory and actual damages brought by individual consumers for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2.      This is an action for compensatory and punitive damages brought by individuals consumer for violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.* ("MMPA").

3.      Plaintiffs demand a trial by jury on all issues so triable.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over Plaintiff's FDCPA and MMPA claims because Defendants jointly directed the illicit collection activity and tortious and deceptive business practices at Plaintiff in St. Louis County, Missouri.

5.      Venue is also appropriate in this Court for the reasons listed above.

**PARTIES**

6.      Plaintiffs are each a natural person currently residing in St. Louis County, Missouri.

7.      Defendant Consumer Collection Management, Inc. ("CCM") is a Missouri corporation with its principal place of business in St. Louis, Missouri.  The principal business purpose of CCM is the collection of debts in Missouri and nationwide, and CCM regularly attempts to collect debts alleged to be due another.

8.      Bessine Walterbach, LLP ("Bessine Walterbach") is a Missouri limited liability partnership with its principal place of business in Kansas City, Missouri.

2

**Exhibit A**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

9.      Bessine Walterbach regularly engages in the collection of debts from consumers using the mail, telephone, and legal process.

10.     Bessine Walterbach was CCM's agent for purposes of collecting Plaintiff's non-existent debt.

11.     At all times relevant herein, Bessine Walterbach acted with CCM's authority, knowledge, and consent.

12.     CCM directed and controlled, or had the right to direct or control, Bessine Walterbach's actions in attempting to collect Plaintiffs' alleged debt.

13.     CCM set Bessine Walterbach's policies and directed its conduct as to the FDCPA violations set forth below.

14.     St. Louis University, a benevolent corporation doing business as Slucare, is and was at all times herein organized and existing under the laws of the State of Missouri.

### FACTS

*Bessine Walterbach and CCM Unlawfully File Suit in the Name of Slucare*

15.     Between 2010 and 2014, Plaintiffs and their family members received medical services at Slucare.

16.     Plaintiffs believed they had paid all their required co-pays and that their insurance covered the remaining portion of the cost of services Slucare provided.

17.     Notwithstanding, on October  19, 2015, CCM and Bessine Walterbach filed a lawsuit in the Circuit Court of St. Louis County, Missouri (Case No. 15SL-AC26386) alleging that Plaintiffs owed a past due principal balance of $798.88 arising out of the Slucare medical services.

3

**Exhibit A**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

18.    The Petition was filed in the name of "Saint Louis University d/b/a Slucare," as the purported real party in interest.

19.    This was false.

20.    In reality, sometime prior to October 19, 2015, Slucare and CCM arranged for the bulk assignment of multiple accounts originating with Slucare, including Plaintiffs' alleged debt.

21.    By virtue of its purported assignment to CCM, Slucare was no longer the real party in interest for purposes of prosecuting Plaintiffs for the collection of the alleged debt.

22.    The Affidavit that Defendants attached to their collection Petition only "authorize[d] Consumer Collection management to file suit...*in its own name as Assignee* for creditor." (emphasis added).

23.    This is consistent with Missouri Revised Statute § 425.300, which states that "[c]ollection agencies may take assignment of claims in their own name as real parties in interest for the purpose of billing and collection and *bringing suit in their own and the claimant's names* thereon..." Mo. Rev. Stat. § 425.300 (emphasis added).

24.    Section 425.300 does not allow any debt collector who is an assignee to sue in solely the name of the assignor. Id.

25.    In their collection lawsuit, Defendants did not identify any party other than "Saint Louis University d/b/a Slucare" as the named Plaintiff.

26.    Bessine Walterbach signed the lawsuit as "Attorney for Plaintiff" Slucare.

27.    This statement was false.

28.    In reality, Bessine Walterbach was not the attorney for Slucare.

29.    Slucare did not hire Bessine Walterbach and did not authorize Bessine Walterbach to file the lawsuit on their behalf.

**Exhibit A**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

30.     Bessine Walterbach did not possess an attorney-client agreement with Slucare.

31.     This was a material misrepresentation.  Had Defendants properly disclosed the fact that they were bringing the lawsuit on behalf of a debt collector who was assigned the debt, Plaintiffs could have exercised additional rights pursuant to 15 U.S.C. § 1692 *et seq.* against CCM that they did not otherwise possess against the original creditor who was improperly named as the sole plaintiff in the collection suit.

32.     Also, had Defendants properly filed suit in the name of CCM as assignee of the account, Plaintiffs would have known that they needed to pay CCM rather than Slucare in order to pay-off their debt in full.

33.     Prior to filing the lawsuit, Bessine Walterbach knew or should have known that their misrepresentation about being the attorney for Slucare was actionable under the FDCPA. *See* McDermott v. Barton, 2014 WL 6704544 (S.D. Il. Nov. 26, 2014); Mueller v. Barton, No. 4:13-CV-2523 CAS, 2014 WL 4546061, at *10 (E.D. Mo. Sept. 12, 2014).

### *Plaintiff Pays Slucare $828.88 Based on Slucare's False Promise that Plaintiffs' Voluntary Payment Would Satisfy the Alleged Debt Obligation.*

34.     Before Defendants served Plaintiffs with a copy of their lawsuit, Plaintiffs received a number of solicitation letters in the mail from defense attorneys who advised Plaintiffs that Slucare had filed a lawsuit against them.

35.     Therefore, on or about October 29, 2015, Plaintiff Bobbye Blake called Slucare about the lawsuit.

36.     During the call, Slucare informed Plaintiffs that it would accept a lump-sum payment of $828.88 as a full satisfaction of the alleged debt and dismissal of the lawsuit.

37.     Relying upon Slucare's representation, Plaintiffs completed a debit transaction over the phone in the amount of $828.88.

**Exhibit A**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

38.     At the time of the October 29, 2015 phone call, Slucare had already assigned the debt to Defendant CCM.

39.     Had Plaintiffs known that it was CCM who had filed the lawsuit in the name of Slucare, they never would have agreed to pay Slucare directly.

40.     Slucare also lied when it informed Plaintiff that it would secure dismissal of the pending lawsuit in exchange for their voluntary payment.

41.     Slucare forced Plaintiffs to suffer additional damages, including attorneys' fees to secure the dismissal of the underlying debt collection lawsuit once Slucare refused to dismiss the lawsuit in breach of the parties' prior agreement.

### CCM and Bessine Walterbach Demand Payment on a Non-Existent Debt within Their October 30, 2015 Collection Letter

42.     Defendants CCM, by and through Bessine Walterbach, mailed their initial collection letter to Plaintiffs on October 30, 2015.

43.     Upon information and belief, Plaintiffs received their letter on or about November 3, 2015.

44.     Even though Plaintiffs had already paid-off their alleged Slucare debt in full the day before, the letter stated that there was a "remaining balance" of $315.08.

45.     For support, Defendants attached to their letter the following internal "Account Activity Report" that itemized the alleged amount due:

| Effective | Type | Entry | Note | Amount | Balance |
|---|---|---|---|---|---|
| 10/15/2015 | OPEN | Initial Balance Due | | 946.58 | 946.58 |
| 10/15/2015 | INT | Interest: 09/17/2014 Thru 10/15/2015 | | 77.61 | 1,024.19 |
| 10/15/2015 | COST | EFIL::E-filed Filing Fee | | 50.50 | 1,074.69 |
| 10/15/2015 | COST | SHFE:Sheriff's Fee | | 36.00 | 1,110.69 |
| 10/30/2015 | INT | Interest: 10/16/2015 Thru 10/30/2015 | | 3.27 | 1,113.96 |
| 10/30/2015 | PMT | Direct to Client | | -798.88 | 315.08 |

**Exhibit A**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

46.     Defendants' internal documentation that they sent to Plaintiffs revealed that, even assuming Plaintiffs still owed the debt despite their payment satisfaction to Slucare the day before, Defendants falsely represented the amount due on the account.

47.     First, Defendants failed to credit the entire payment that Plaintiffs remitted to Slucare.  Specifically, Defendants only credited $798.88 of the $828.88 that Plaintiffs paid.

48.     Second, Defendants represented that $86.50 worth of court costs was due and owing as of October 30, 2015.  This was false.

49.     Third, Defendants were assessing interest through October 30, 2015 on a principal amount of $828.88, which was not reduced by the full $828.88 payment Plaintiffs made to Slucare.

50.     Fourth, the principal balance due of $946.58 that Defendants listed within their October 30, 2015 itemization differed from the principal amount due of $798.88 Defendants listed within their Petition.  In addition, the combined prejudgment interest amount of $80.88 that Defendants listed within their October 30, 2015 itemization differed from the prejudgment interest balance of $225.31 Defendants listed within their Petition.  Defendants' discrepant amounts misled Plaintiffs as to how much Defendants claimed they were owed and how much of that amount was principal versus interest.

51.     Defendants therefore falsely represented the amount and legal status of the alleged debt within their October 30, 2015 collection letter.

### CCM and Bessine Walterbach Overshadow Plaintiffs' Dispute and Verification Rights by Serving Them with the Lawsuit within Their Thirty-Day Dispute Period

52.     Within their October 30, 2015 letter, Defendants informed Plaintiffs that they possessed thirty days upon receipt of the letter to dispute the validity of the debt.

7

**Exhibit A**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

53.     However, a few days later, on November 3, 2015, Defendants served Plaintiffs with a summons ordering them to appear in Court regarding the same alleged debt.

54.     As of Defendants' service, Plaintiff's thirty (30) day period in which to exercise their rights as protected by 15 U.S.C. § 1692g was in full force and effect.

55.     As an unsophisticated consumer, Plaintiffs did not understand that they still maintained their dispute rights even if though they were ordered to appear in Court and respond to Defendants' lawsuit.

56.     Defendants' above-described conduct caused Plaintiffs to believe that they could not exercise their dispute rights or that such an exercise would not be honored.

57.     Defendants' service of the summons and petition therefore overshadowed Plaintiffs' dispute, validation, and verification rights, in violation 15 U.S.C. § 1692g.

### *CCM and Bessine Walterbach's Inclusion of Plaintiffs' 15 U.S.C. § 1692g Rights Within the Body of Their Legal Petition Violated the FDCPA*

58.     Within the body of their legal pleading, Defendants provided Plaintiffs a notice stating they had thirty-days from receiving the Petition to dispute the debt or request verification of the debt in writing.

59.     In Missouri associate circuit court cases, however, the deadline to respond or appear in defense of the case can be as soon as 10 days from the date of service. Mo. Rev. Stat. § 517.041.

60.     In the collection suit, Plaintiffs were ordered to appear in court on December 3, 2015, which was within their dispute period.

61.     Including 1692g disclosures within a legal petition is misleading to unsophisticated consumers who may not understand that their dispute of the validity of the debt

**Exhibit A**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

by contacting the debt collector will not, in fact, relieve them of the independent deadline to respond to the complaint, in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692g.

**_Defendants Continue to Collect the Alleged Debt After Plaintiffs Invoked Their Written Verification Rights under 15 U.S.C. § 1692g_**

62.     As instructed with Defendants' October 30, 2015 letter and collection suit Petition, Plaintiffs sent Defendants a written dispute of the debt within their thirty-day dispute period.

63.     On December 1, 2015, Plaintiffs sent a written dispute to the electronic mail address Defendants included in the signatory line of their Petition.

64.     Plaintiffs' written dispute read as follows: "I received your letter stating that my husband and I owe over $300 for our account with Slucare. I spoke with Slu on October 29, 2015. They told me that we only owed $828.88 on our account and that if we paid that amount we would no longer owe anything. We already paid the entire amount to Slucare. I am disputing that we owe anything else on the account, and I ask that you please provide me a statement from Slu directly stating that we still owe them money."

65.     Defendants did not send Plaintiffs verification of the debt after receiving their December 1, 2015 written dispute.

66.     Notwithstanding, Defendants did not cease collecting the debt.

67.     Since Defendants did not dismiss the collection action or continue the matter to the next court date upon receiving Plaintiffs' written dispute, Plaintiffs were forced to hire an attorney to represent them at the December 3, 2015 court date.

68.     At the December 3, 2015 setting, Defendants represented to the Honorable Ellen H. Ribaudo that Plaintiffs were in default and requested the entry of a default judgment.

**Exhibit A**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

69.     In response, Plaintiffs' attorney informed the Court that the Plaintiffs had retained counsel and that they did not owe the alleged debt.

70.     Once again, rather than dismissing their action, Defendants continued to attempt to obtain payment on the debt.

71.     Defendants scheduled the case for a trial to begin on January 7, 2016.  Plaintiffs' attorney immediately began preparing for the trial that Defendants scheduled.

72.     It was not until December 15, 2015 that Defendants finally ceased their collection attempts and dismissed the collection suit.

73.     Plaintiffs never entered into any agreement whereby they consented to arbitrate disputes between themselves and any Defendant.

## CLASS ALLEGATIONS

74.     It is Bessine Walterbach's routine practice to violate the FDCPA by filing lawsuits that misleadingly contain dispute and validation language under 15 U.S.C. § 1692g(a) within the body of the Petition.

75.     It is CCM's routine practice to violate the FDCPA by obtaining the assignment of defaulted consumer debts and filing lawsuits solely in the name of the original creditor to collect the alleged debts.

76.     This action is properly maintainable as a class action pursuant.  The two classes consist of the following persons:

      a.   The "misleading Petition" class: All persons Bessine Walterbach has on record as owing a consumer debt (1) where such person has a Missouri postal address and (2) where Bessine Walterbach filed a lawsuit against such person on behalf of its client (3) with a Petition

**Exhibit A**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

containing notice of the consumer's dispute and validation rights under 15 U.S.C. § 1692g(a); and (4) during the one-year period prior to the filing of Plaintiff's original Petition.

b. The "assignment" class: All persons CCM has on record as owing a consumer debt (1) where such person has a Missouri postal address (2) where CCM was assigned the debt and filed a lawsuit against such person to collect a consumer debt (3) during the one-year period prior to the filing of Plaintiff's original Petition (4) which failed to disclose that CCM was filing the lawsuit in the name of the original creditor as the assignee.

77.    Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendants are both high-volume debt collectors that attempt to collect hundreds of debts in Missouri.

78.    Upon information and belief, Defendants have engaged in the improper collection tactic described above with at least one hundred Missouri consumers.

79.    Plaintiffs are members of the class they seek to represent.

80.    There are no unique defenses Defendants can assert against Plaintiffs individually, as distinguished from the class.

81.    Plaintiffs will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiffs' interests in this action are typical of the class and are antagonistic to the interests of Defendants. Plaintiffs have no interest or relationship with Defendants that would prevent them from litigating this

Exhibit A

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

matter fully. Plaintiffs are aware that settlement of a class action is subject to court approval, and they will vigorously pursue the class claims throughout the course of this action.

82.     A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by Defendants.

83.     Most, if not all, of the facts needed to determine liability and damages are obtainable from Defendants' records and publically-available records.

84.     The purposes of the FDCPA will be best effectuated by a class action.

85.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

86.     Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

87.     Many, if not all, class members are unaware that claims exist against Defendants. There will be no unusual difficulty in the management of this action as a class action.

88.     Four common questions of law and fact predominate over all individual questions of the "misleading Petition" class. The common questions are whether: (1) Bessine Walterbach is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Bessine Walterbach sought to collect from class members constitute "consumer debt" under the FDCPA; (3) Bessine Walterbach filed a lawsuit on behalf of its client against members of the class; and (4) Bessine Walterbach's Petition contained notice of the consumer's dispute and validation rights under 15 U.S.C. § 1692g(a).

**Exhibit A**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

89.     Four common questions of law and fact predominate over all individual questions of the "assignment" class.  The common questions are whether: (1) CCM is a "debt collector" pursuant to the FDCPA; (2) the liabilities that CCM sought to collect from class members constitute "consumer debt" under the FDCPA; (3) CCM filed a lawsuit against members of the class after obtaining the assignment of an alleged debt; and (4) CCM filed solely in the name of the original creditor.

90.     Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

91.     Plaintiffs and Plaintiffs' counsel have the necessary financial resources to adequately and vigorously litigate this class action.  Plaintiffs' counsel will fairly and adequately represent and protect the interests of the class.

92.     All class members have been damaged in precisely the same fashion, by precisely the same conduct.  The loss suffered by individual class members is calculable and ascertainable.

**COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(as to Defendants Consumer Collection Management, Inc. and Bessine Walterbach, LLP)**

93.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

94.     In their attempts to collect the alleged debt from Plaintiffs, Defendants have committed violations of the FDCPA, 15 U.S.C. § 1692 *et. seq.*, including, but not limited to, the following:

a.     Overshadowing Plaintiffs' dispute and verification rights.  15 U.S.C. § 1692g(b).

b.     Resuming collection efforts after receiving Plaintiffs' written dispute without first providing Plaintiffs verification of the alleged debt. 15 U.S.C. § 1692g(b).

13

**Exhibit A**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

    c.      Threatening to take legal action that cannot be legally taken or that Defendant did not intend to take, including filing a lawsuit without the requisite standing to do so.  15 U.S.C. § 1692e(5).

    d.      Misrepresenting the amount, character, and legal status of Plaintiff's alleged debt. 15 U.S.C. § 1692e(2)(A); 15 U.S.C. § 1692g(a)(1).

    e.      Attempting to collect an amount not expressly authorized by the agreement that created the alleged debt.  15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for:

    A.      Judgment that Defendants' conduct violated the FDCPA;

    B.      Actual damages;

    C.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C § 1692(k); and

    D.      For such other relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF THE MMPA
**(as to Defendant Saint Louis University d/b/a Slucare)**

95.    Plaintiff incorporates all prior paragraphs as if fully stated herein.

96.    Defendant used deception, false pretenses, false promises, misrepresentation, factual omissions and unfair business practices when it deceived Plaintiff about making a voluntary payment in exchange for a dismissal of the pending lawsuit and when it concealed and/or misrepresented to Plaintiff that it still possessed ownership of the debt.

97.    It was not until Plaintiff retained an attorney that the lawsuit was dismissed.

**Exhibit A**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

98.     Defendant's misrepresentation and/or concealment occurred in connection with the collection of Plaintiff's alleged debt.  Specifically, the relationship was not complete until the medical services were paid for and/or collected.

99.     Defendant's misrepresentation and/or concealment caused Plaintiffs an ascertainable loss of money in the amounts they paid, or caused to be paid, to for attorneys' fees to defend against the unlawful collection lawsuit and in the amount of the $828.88 payment they made to Slucare for which they did not receive the benefit.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.     Actual damages in an amount greater than the minimum jurisdictional amount of this Court to be determined at trial;

B.     Punitive damages pursuant to Mo. Rev. Stat. § 407.025(1) in the largest amount allowed by law;

C.     Reasonable attorney's fees pursuant to Mo. Rev. Stat. § 407.025(1);

D.     For such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED:

/s/ Bryan E. Brody

Bryan E. Brody, #57580MO
Alexander J. Cornwell, #64793MO
BRODY & CORNWELL
One North Taylor Ave
St. Louis, Missouri 63108
Phone: (314) 932-1068
Bryan.E.Brody@gmail.com

15

**Exhibit A**

**16SL-CC01293**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

In the

# CIRCUIT COURT
## Of St. Louis County, Missouri

RON BLAKE AND BOBBYE BLAKE
Plaintiff/Petitioner

April 7, 2016
Date

vs.

Case Number

CONSUMER COLLECTION MANAGEMENT
Defendant/Respondent

Division

For File Stamp Only,

---

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  PLAINTIFF _____ , pursuant
Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
HPS Process Service and Investigations: KC Servers: Trinity Olson, Robert Vick, Nathan Scott,
Name of Process Server                          Address                                            Telephone
Joe Baska, Don Forbes, Darnell Hamilton, Chris Reed and Bob Baska
Name of Process Server                          Address or in the Alternative                      Telephone
1669 Jefferson St, Kansas City, MO 64108;  (816) 659-1160
Name of Process Server                          Address or in the Alternative                      Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
Bessine Walterbach, LLP; Scott Walterbach       _____
Name                                            Name
or RA: 3000 NE Brooktree Lane, Ste 100          _____
Address                                         Address
Kansas City, MO 64119                           _____
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:
_____                        _____
Name                                            Name
_____                        _____
Address                                         Address
_____                        _____
City/State/Zip                                  City/State/Zip

Appointed as requested:
**JOAN M. GILMER**, Circuit Clerk

/s/ Bryan E. Brody
Attorney/Plaintiff/Petitioner
57580
Bar No.
1 N. Taylor Ave., St. Louis, MO 6310
By _____                     Address
Deputy Clerk                                    (314) 932-1068
                                                Phone No.                          Fax No.
_____
Date

CCADM62-WS   Rev. 03/14

Exhibit A

**16SL-CC01293**

Electronically Filed - St Louis County - April 07, 2016 - 02:20 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

RON BLAKE AND BOBBYE BLAKE
Plaintiff/Petitioner

April 7, 2016
Date

vs.

Case Number

CONSUMER COLLECTION MANAGEMENT
Defendant/Respondent

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  PLAINTIFF _____, pursuant
                          Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
 Services Rendered Attn: Mark Wilcox, Laurence Roth, Corey Stage, Jaclyn Baker
Name of Process Server                        Address                              Telephone

 220 West Lockwood, Suite 104, St. Louis, MO 63119;  bridget@lgr-sri.com
Name of Process Server                  Address or in the Alternative               Telephone

_____
Name of Process Server                  Address or in the Alternative               Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties. This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                        SERVE:
 Consumer Collection Management                St. Louis University d/b/a SLUCare
Name                                          Name
 Anthony J. Soukenik, RA                       William R. Kaufman or RA
Address                                       Address
 2128 Lehne Court, Florissant, MO 63031        221 North Grand Blvd, St. Louis, MO 63103
City/State/Zip                                City/State/Zip

SERVE:                                        SERVE:

_____                       _____
Name                                          Name

_____                       _____
Address                                       Address

_____                       _____
City/State/Zip                                City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk                /s/ Bryan E. Brody
                                              Attorney/Plaintiff/Petitioner
                                               57580
By _____               Bar No.
    Deputy Clerk                               1 N. Taylor Ave., St. Louis, MO 6310
                                              Address
                                               (314) 932-1068
_____                  Phone No.                     Fax No.
Date

CCADM62-WS   Rev. 03/14

Exhibit A

 **IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>BARBARA W WALLACE | Case Number:  16SL-CC01293 |
|---|---|
| Plaintiff/Petitioner:<br>RON BLAKE<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO 63108 |
| Defendant/Respondent:<br> BESSINE WALTERBACH, LLP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |

<div align="right">(Date File Stamp)</div>

## Summons in Civil Case

**The State of Missouri to:  ST. LOUIS UNIVERSITY**
Alias:
**DBA:  SLUCARE**
        **SERVE: WILLIAM R KAUFMAN OR RA**

221 NORTH GRAND BLVD.
ST. LOUIS, MO  63103

*COURT SEAL OF*



*ST. LOUIS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>08-APR-2016</u>
**Date**

**Further Information:**
**ALD**

_____
                    Clerk

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
       Printed Name of Sheriff or Server              Signature of Sheriff or Server
               **Must be sworn before a notary public if not served by an authorized officer:**
               Subscribed and sworn to before me on _____ (date).
*(Seal)*
               My commission expires: _____   _____
                                              Date                          Notary Public

**Sheriff's Fees, if applicable**
| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document ID# 16-SMCC-2511**    3    (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 to 506.140, and 506.150 RSMo

**Exhibit A**



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BARBARA W WALLACE | **Case Number: 16SL-CC01293** |
| Plaintiff/Petitioner:<br>RON BLAKE | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO  63108 |
|            vs. | |
| Defendant/Respondent:<br>BESSINE WALTERBACH, LLP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  CONSUMER COLLECTION MANAGEMENT, INC
                    Alias:

**2128 LEHNE COURT**          SERVE: REGISTERED AGENT
**FLORISSANT, MO  63031**    ANTHONY J SOUKENIK

*COURT SEAL OF*



*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>08-APR-2016</u>
   Date                                                  */Clerk*

Further Information:
ALD

---

#### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
                 _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____ .
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
     Printed Name of Sheriff or Server                     Signature of Sheriff or Server
              **Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*           Subscribed and sworn to before me on _____ (date).
           My commission expires: _____     _____
                                  Date                     Notary Public

---

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 16-SMCC-2510    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                  54.13, and 54.20; 506.120 **Exhibit A** 506.150 RSMo

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 16-SMCC-2509**   2    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120–506.140, and 506.150 RSMo

**Exhibit A**

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 16-SMCC-2509**    3    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.12**Exhibit A** 506.150 RSMo



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BARBARA W WALLACE | Case Number:  16SL-CC01293 |
| Plaintiff/Petitioner:<br>RON BLAKE<br><div align=right>vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO  63108 |
| Defendant/Respondent:<br> BESSINE WALTERBACH, LLP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

### Summons in Civil Case

**The State of Missouri to:  BESSINE WALTERBACH, LLP**
**Alias:**
**3000 NE BROOKTREE LN, STE 100**            **SERVE: SCOTT WALTERBACH OR RA**
**KANSAS CITY, MO  64119**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>08-APR-2016</u>
**Date**
**Further Information:**
**ALD**

*Clerk*

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
                        _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
    Printed Name of Sheriff or Server                              Signature of Sheriff or Server
             **Must be sworn before a notary public if not served by an authorized officer:**
             Subscribed and sworn to before me on _____ (date).
  *(Seal)*
             My commission expires: _____    _____
                               Date                            Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $\_\_\_\_10.00\_\_\_\_ |
| Mileage | $_____ (\_\_\_\_\_ miles @ $.\_\_\_\_\_ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

*Exhibit A*

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 16-SMCC-2510**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 RSMo **Exhibit A** 506.150 RSMo

Electronically Filed - St. Louis County - April 18, 2016 - 11:12 AM

**STATE OF MISSOURI**
**County of St. Louis**
**21st Judicial Circuit**
Docket number 16SL-CC01293

**\*249358\***

**Ron Blake**

AFFIDAVIT OF SERVICE

Plaintiff,
vs.

**Bessine Walterbach LLP,**

Defendant,

_____/

I, Marybeth Rice  affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 04/12/2016 at 12:50 PM, I served copies of the SUMMONS AND PETITION CIRCUIT Personally upon **Saint Louis University** as articulated below.

By delivering a copy to **Michelle Carter** personally; **MANAGER AUTHORIZED TO ACCEPT SERVICE** thereof, an authorized person to accept service of process.

Said service was effected at: **221 N. Grand Blvd., St. Louis, MO63103.**

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

Sex: **Female** Race: **White** Hair: **Blonde** Height: **Medium** Weight: **Medium** Place: **POE**

I certify that the foregoing statements made by me are true, correct and my free act and deed.

Marybeth Rice

The foregoing affidavit sworn and subscribed before me today, April 13, 2016

Mikayla Manning                    Marybeth Rice                    Patricia Medley

JobNo. 249358

MIKAYLA K. MANNING
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: Mar. 1, 2020
Commission # 16658324

*Fee For Service: $40.00*

**Exhibit A**



Electronically Filed - St Louis County - April 18, 2016 - 11:12 AM

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BARBARA W WALLACE | Case Number: 16SL-CC01293 |
|---|---|
| Plaintiff/Petitioner:<br>RON BLAKE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO 63108 |
| Defendant/Respondent:<br>BESSINE WALTERBACH, LLP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  ST. LOUIS UNIVERSITY
Alias:
DBA:  SLUCARE
SERVE: WILLIAM R KAUFMAN OR RA

221 NORTH GRAND BLVD.
ST. LOUIS, MO 63103

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>08-APR-2016</u>
Date

Further Information:
ALD

_____ Clerk

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                    Date                          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: Document ID# 16-SMCC-2511    |    (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Exhibit A**

Electronically Filed - St Louis County - April 18, 2016 - 11:12 AM

**STATE OF MISSOURI**
**County of St. Louis**
**21st Judicial Circuit**
Docket number 16SL-CC01293

**Ron Blake**

AFFIDAVIT OF SERVICE

Plaintiff,
vs.

**Bessine Walterbach LLP,**

Defendant,

_____/

I, Marybeth Rice affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 04/12/2016 at 12:50 PM, I served copies of the SUMMONS AND PETITION CIRCUIT Personally upon **Saint Louis University** as articulated below.

By delivering a copy to **Michelle Carter** personally; **MANAGER AUTHORIZED TO ACCEPT SERVICE** thereof, an authorized person to accept service of process.

Said service was effected at: **221 N. Grand Blvd., St. Louis, MO63103.**

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

Sex: **Female** Race: **White** Hair: **Blonde** Height: **Medium** Weight: **Medium** Place: **POE**

I certify that the foregoing statements made by me are true, correct and my free act and deed.

Marybeth Rice

The foregoing affidavit sworn and subscribed before me today, April 13, 2016

Mikayla Manning     Marybeth Rice     Patricia Medley

JobNo. 249358

MIKAYLA K. MANNING
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: Mar. 1, 2020
Commission # 16658324

*Fee For Service:* $40.00

**Exhibit A**



Electronically Filed - St Louis County - April 18, 2016 - 11:12 AM



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BARBARA W WALLACE | Case Number: 16SL-CC01293 |
|---|---|
| Plaintiff's/Petitioner:<br>RON BLAKE | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO 63108 |
| vs. | |
| Defendant/Respondent:<br>BESSINE WALTERBACH, LLP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  ST. LOUIS UNIVERSITY
Alias:
DBA:  SLUCARE
SERVE: WILLIAM R KAUFMAN OR RA

221 NORTH GRAND BLVD.
ST. LOUIS, MO 63103

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

08-APR-2016
Date

Further Information:
ALD

_____ Clerk

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date | Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $    10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: Document ID# 16-SMCC-2511     I     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Exhibit A**

Electronically Filed - St Louis County - April 20, 2016 - 12:04 PM

**STATE OF MISSOURI**
**County of St. Louis**
**21st Judicial Circuit**
Docket number 16SL-CC01293

‖*249355*‖

**Ron Blake**                                    AFFIDAVIT OF SERVICE

Plaintiff,
vs.

**Bessine Walterbach LLP,**

Defendant,

_____/

I, Marybeth Rice  affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 04/14/2016 at 1:59 PM, I served copies of the SUMMONS AND PETITION CIRCUIT Personally upon **Consumer Collection Management Inc** as articulated below.

By delivering a copy to Jean Soukenik personally; **AUTHORIZED TO ACCEPT** thereof, an authorized person to accept service of process.

Said service was effected at: **2128 Lehne Court, Saint Louis, MO63031.**

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

Sex: **Female** Race: **White** Hair: **Red** Height: **Medium** Weight: **Medium** Place: **House**

I certify that the foregoing statements made by me are true, correct and my free act and deed.

_____
Marybeth Rice

The foregoing affidavit sworn and subscribed before me today, April 18, 2016

_____        _____        _____
Mikayla Manning                         Marybeth Rice                          Patricia Medley

JobNo. 249355                                                                         *Fee For Service: $40.00*

MIKAYLA K. MANNING
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires:  Mar. 1, 2020
Commission # 16658324

**Exhibit A**

Electronically Filed - St Louis County - April 20, 2016 - 12:04 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>BARBARA W WALLACE | Case Number: 16SL-CC01293 |
|---|---|
| Plaintiff's/Petitioner:<br>RON BLAKE | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO  63108 |
| vs. | |
| Defendant/Respondent:<br>BESSINE WALTERBACH, LLP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: | CONSUMER COLLECTION MANAGEMENT, INC<br>Alias: |

2128 LEHNE COURT
FLORISSANT, MO  63031

SERVE: REGISTERED AGENT
ANTHONY J SOUKENIK

*COURT SEAL OF*

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
  SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>08-APR-2016</u>
Date

Further Information:
ALD

_____
Clerk

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____                    _____
                        Date                                        Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (____ miles @ $____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 16-SMCC-2510     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                    54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Exhibit A**

Electronically Filed - St Louis County - April 20, 2016 - 12:04 PM

**STATE OF MISSOURI**
**County of St. Louis**
**21st Judicial Circuit**
Docket number 16SL-CC01293

**Ron Blake**

Plaintiff,
vs.

**Bessine Walterbach LLP,**

Defendant,
_____/

AFFIDAVIT OF SERVICE

I, Marybeth Rice  affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 04/14/2016 at 1:59 PM, I served copies of the SUMMONS AND PETITION CIRCUIT Personally upon **Consumer Collection Management Inc** as articulated below.

By delivering a copy to Jean Soukenik personally; **AUTHORIZED TO ACCEPT** thereof, an authorized person to accept service of process.

Said service was effected at: **2128 Lehne Court, Saint Louis, MO63031.**

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

Sex: **Female** Race: **White** Hair: **Red** Height: **Medium** Weight: **Medium** Place: **House**

I certify that the foregoing statements made by me are true, correct and my free act and deed.

Marybeth Rice

The foregoing affidavit sworn and subscribed before me today, April 18, 2016

| | | |
|---|---|---|
| Mikayla Manning | Marybeth Rice | Patricia Medley |

JobNo. 249355

MIKAYLA K. MANNING
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: Mar. 1, 2020
Commission # 16658324

*Fee For Service: $40.00*

**Exhibit A**

Electronically Filed - St Louis County - April 20, 2016 - 12:04 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>BARBARA W WALLACE | Case Number: 16SL-CC01293 |
|---|---|
| Plaintiff/Petitioner:<br>RON BLAKE | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO  63108 |
| vs. | |
| Defendant/Respondent:<br> BESSINE WALTERBACH, LLP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** CONSUMER COLLECTION MANAGEMENT, INC
**Alias:**

2128 LEHNE COURT
FLORISSANT, MO  63031

SERVE: REGISTERED AGENT
ANTHONY J SOUKENIK

*COURT SEAL OF*

*ST. LOUIS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:** If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

__08-APR-2016__
Date

_____ Clerk

Further Information:
ALD

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                      Date                                  Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $___10.00___ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: Document ID# 16-SMCC-2510   1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Exhibit A**



Electronically Filed - St Louis County - April 25, 2016 - 03:13 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>BARBARA W WALLACE | Case Number: 16SL-CC01293 |
| Plaintiff/Petitioner:<br>RON BLAKE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO 63108 |
| Defendant/Respondent:<br>BESSINE WALTERBACH, LLP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE |
| Nature of Suit:<br>CC Other Tort | CLAYTON, MO 63105                    (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  BESSINE WALTERBACH, LLP
          Alias:
**3000 NE BROOKTREE LN, STE 100,**          SERVE: SCOTT WALTERBACH OR RA
**KANSAS CITY, MO 64119**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

          You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
          SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>08-APR-2016</u>
Date                                              _____ Clerk

Further Information:
ALD

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
          _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
   _Scott Walterbach_____ (name) _Authorized___ (title).
☐ other _____
Served at _3000 NE Brooktree Ln, Ste 100, Kansas City MO____ (address)
in _Clay_____ (County/City of St. Louis), MO, on _4-13-16_ (date) at _448pm_ (time).
_Trinity Olsen_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server
          **Must be sworn before a notary public if not served by an authorized officer:**
          Subscribed and sworn to before me on _4-20-16____ (date).
(Seal)
          My commission expires: _10-13-19_____ _____
                                         Date                    Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | REBEKAH FLANERY<br>My Commission Expires<br>October 13, 2019<br>Clay County<br>Commission #15420653 |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ (_____ miles @ $.____ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only: Document ID# 16-SMCC-2509*     1     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                    54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

                                                                                        **Exhibit A**

Electronically Filed - St Louis County - April 25, 2016 - 03:13 PM

## AFFIDAVIT OF SERVICE

State of Missouri                County of St. Louis                          Circuit Court

Case Number: 16SL-CC01293

Plaintiff/Petitioner:
**RON BLAKE**

vs.

Defendant/Respondent:
**BESSINE WALTERBACH, LLP**

Received by HPS Process Service & Investigations to be served on Bessine Walterbach, LLP, Serve: Scott Walterbach or Registered Agent, 3000 Northeast Brooktree Lane, Suite 100, Kansas City, MO 64119.

I, TRINITY OLSON, being duly sworn, depose and say that on the **13th day of April, 2016 at 4:48 pm, I:**

Served the within named with a true copy of the **Summons in Civil Case; Notice of Alternative Dispute Resolution Services; and Class Action Petition** by leaving with Scott Walterbach, Partner at **3000 Northeast Brooktree Lane, Suite 100, Kansas City, MO 64119.**

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the 20 day
of April 2016 by the affiant who is
personally known to me.

NOTARY PUBLIC

REBEKAH FLANERY
My Commission Expires
October 13, 2019
Clay County
Commission #15420953

TRINITY OLSON
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2016007017

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1e

**Exhibit A**

Electronically Filed - St Louis County - April 25, 2016 - 03:13 PM



IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BARBARA W WALLACE | Case Number: 16SL-CC01293 |
|---|---|
| Plaintiff/Petitioner:<br>RON BLAKE | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO 63108 |
| vs. | |
| Defendant/Respondent:<br>BESSINE WALTERBACH, LLP | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  BESSINE WALTERBACH, LLP
                          Alias:

**3000 NE BROOKTREE LN, STE 100**          **SERVE: SCOTT WALTERBACH OR RA**
**KANSAS CITY, MO 64119**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>08-APR-2016</u>
Date                                                              _____
                                                                            Clerk
Further Information:
ALD

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
Scott Walterbach (name) Authorized (title).
☐ other _____
Served at 3000 NE Brooktree Ln, Ste 100, Kansas City MO (address)
in Clay (County/City of St. Louis), MO, on 4-13-16 (date) at 448pm (time).
Trinity Olson                                    ML
Printed Name of Sheriff or Server        Signature of Sheriff or Server
   **Must be sworn before a notary public if not served by an authorized officer:**
   Subscribed and sworn to before me on 4-20-16 (date).
*(Seal)*
   My commission expires: 10-13-19                    Rebekah Flanery
                          Date                        Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| Total | $_____ |

REBEKAH FLANERY
My Commission Expires
October 13, 2019
Clay County
Commission #15420953

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**Exhibit A**

Electronically Filed - St Louis County - April 25, 2016 - 03:13 PM

## AFFIDAVIT OF SERVICE

State of Missouri                County of St. Louis                Circuit Court

Case Number: 16SL-CC01293

Plaintiff/Petitioner:
RON BLAKE

vs.

Defendant/Respondent:
BESSINE WALTERBACH, LLP

Received by HPS Process Service & Investigations to be served on **Bessine Walterbach, LLP, Serve: Scott Walterbach or Registered Agent, 3000 Northeast Brooktree Lane, Suite 100, Kansas City, MO 64119.**

I, TRINITY OLSON, being duly sworn, depose and say that on the **13th day of April, 2016 at 4:48 pm, I:**

Served the within named with a true copy of the **Summons in Civil Case; Notice of Alternative Dispute Resolution Services; and Class Action Petition** by leaving with Scott Walterbach, Partner at 3000 Northeast Brooktree Lane, Suite 100, Kansas City, MO 64119.

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the ⟨20⟩ day
of ⟨April⟩ , ⟨2016⟩ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

REBEKAH FLANERY
My Commission Expires
October 13, 2019
Clay County
Commission #15420653

_____
TRINITY OLSON
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2016007017

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1e

**Exhibit A**